## TOA KIGYO CORP. ET AL. v. UNITED STATES

No. 4593.—Invoices dated Tokyo, Japan, June 25, 10, April 26, 1937, etc.
    Entered at Albany, N. Y., July 30, 1937, New York July 9, 1937, Bridgeport, Conn., July 6, 1937, etc.
    Entry Nos. A-70056, 80471, 802, etc.

(Memorandum to accompany order dated June 8, 1939)

*Jerome G. Clifford* (*John F. Kavanagh* of counsel) for the plaintiffs, for the motion.

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant, against the motion.

BROWN, Judge: These reappraisements are before the court upon a preliminary motion which is called by the importer's counsel a motion for a directed verdict. It seems to amount, however, to a motion to declare the appraisements void for claimed lack of a proper order for,

or examination of, a sufficient number of packages to constitute a valid appraisement. It will be so treated and disposed of. This is a technical contention which was dealt with in *Erhardt* v. *Schroeder*, 155 U. S. 124, when the statutory situation was different and the judicial review on the reappraisement side much less perfect than it is now.

The philosophy of the Supreme Court's reasoning in that case is that when the judicial review is perfect and complete over both questions of law and questions of fact as it was then for all questions of rate and amount of duties (classification which they held the matter in dispute concerning the tobacco leaves then before them to be) the examination of packages was a directory provision rather than a mandatory provision.

The judicial review upon reappraisement before this court has now been perfected so as to include all questions of law and fact by the acts of 1922 and 1930, sections 501, etc. This would seem to require a liberal construction and application of the regulations adopted, on the principle expounded in *Erhardt* v. *Schroeder* as applied to the existing statutory situation on reappraisement appeal, even if such order for and examination of packages is still considered mandatory rather than directory as our court of appeals still holds.

With this approach I will consider the situation before me in the light of the most recent decisions of the Court of Customs and Patent Appeals upon the subject.

The controversy upon the motion to declare the appraisements void (styled by the importer's counsel as a motion for a directed verdict) hinges upon the validity of the special regulations purported to be issued under the authority of section 499 of the Tariff Act of 1930 and published respectively in T. D. 48807 and T. D. 49412.

The applicable portion of section 499 reads as follows:

\* \* \* The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public *stores* or *other places* for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the *Secretary of the Treasury*, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue *and by special regulation permit a less number of packages* to be examined. \* \* \* [Italics supplied.]

The special regulations read as follows, T. D. 48807, 71 Treas. Dec. 224:

*Examination of less than one package of every ten packages of certain merchandise authorized*

Treasury Department, *February 12, 1937.*

*To Collectors of Customs and Others Concerned:*

From the character and description of the merchandise named or described hereafter in this special regulation, I am of the opinion that the examination of less

than one package of every ten packages. of such merchandise covered by one invoice will amply protect the revenue, provided that such merchandise is:

(a) imported in packages, the contents and values of which are uniform, or

(b) imported in packages, the contents of which are identical as to character, although differing as to quantity and value per package.

Therefore, by virtue of the authority vested in the Secretary of the Treasury, including that conferred by sections 499 and 624 of the Tariff Act of 1930 (U. S. C. title 19, secs. 1499 and 1624), I do by this special regulation permit and authorize, in the case of merchandise hereinafter named or described which is imported under either of the conditions above stated, a less number of packages than one package of every ten packages, but not less than one package of every invoice, to be examined: [then follows an enumeration of articles including canned fish].

"Canned fish"

This special regulation shall not be construed to preclude the examination of packages in addition to the minimum number hereby permitted to be examined if the collector or the appraiser shall deem it necessary that a greater number of packages be examined.

The number of this Treasury decision should be noted as a marginal reference for article 307 of the Customs Regulations of 1931.

STEPHEN B. GIBBONS,
Acting Secretary of the Treasury.

T. D. 49412, 73 Treas. Dec. 306:

Examination of merchandise—Special regulation

Examination of less than one package of every ten packages of certain merchandise authorized

TREASURY DEPARTMENT, February 14, 1938.

To Collectors of Customs and Others Concerned:

From the character and description of the merchandise named or described hereafter in this special regulation, I am of the opinion that the examination of less than one package of every ten packages of such merchandise covered by one invoice will amply protect the revenue provided that such merchandise is:

(a) imported in packages, the contents and values of which are uniform, or

(b) imported in packages, the contents of which are identical as to character, although differing as to quantity and value per package.

Therefore, by virtue of the authority vested in the Secretary of the Treasury, including that conferred by sections 499 and 624 of the Tariff Act of 1930 (U. S. C. title 19, secs. 1499 and 1624), I do by this special regulation permit and authorize, in the case of merchandise hereinafter named or described which is imported under either of the conditions above stated, a less number of packages than one package of every ten packages, but not less than one package of every invoice, to be examined:

\* \* \* \* \* \* \*

Fish, fresh or frozen, dried, in brine, or prepared or preserved in any manner

\* \* \* \* \* \* \*

The number of this Treasury decision should be noted as a marginal reference for article 312 of the Customs Regulations of 1937.

(102057.)
WAYNE C. TAYLOR,
Acting Secretary of the Treasury.

One contention of the importers is that these special regulations are invalid because they are signed by the Acting Secretary of the Treasury instead of the Secretary of the Treasury himself, How-

-ever, the old rules about delegation to a chief assistant of matters of this kind seem to have been completely relaxed so that fact would not render the special regulations void. That question seems to be conclusively settled against the importer by *United States* v. *Central Vermont Railway Co.*, 17 Ct. Cust. Appls. 166, T. D. 43474, and I so hold.

That case related to the assessment of dumping duty, a much more far reaching and personal delegation to the Secretary himself than the question of special regulations directing the examination of packages such as that before me. See also *General Dyestuff Corp.* v. *United States*, 21 C. C. P. A. (Customs) 89, T. D. 46409. Nor can I hold one of the special regulations void because it was promulgated on a legal holiday if followed and acted upon afterwards. I am also not able to follow the argument that the two special regulations are inconsistent with or self-destructive of each other in any particular.

It is also earnestly contended that each grade or quality was not separately designated, examined, and appraised. Except as to the Albany appeals there is no proof before me on the subject. A careful examination of the invoices and returns and summary of entered values, etc., of the many reappraisements before me indicate, to my mind, that the requirements of the statute as authoritatively modified by the two special regulations, were all presumptively complied with. Here it should be noted that the invoiced values seem to be uniform for the same quality and the appraised values as advanced likewise uniform for the same qualities however they are branded or labeled. And all the fish involved came from the same shipper which looks the same way.

As to the Albany appraisements, where evidence was taken concerning the designation and examination, the weight of such evidence shows, in my opinion, that the special regulations and statute were fully complied with.

For the reasons above set forth the motion to declare the appraisements void, made in the form of, and called, a motion for a directed verdict be and the same is hereby denied and the cases are restored to the docket for trial on the merits of any claims which may be advanced concerning the dutiable value of the merchandise.